Learned, J.
Our examination of this case convinces us that the referee erred in holding that the $251.83 had been paid by defendant to Gardner.
The evidence shows that extra work had been done by Gardner, and a bill therefor had been rendered; that some items were objected to, and that the bill was cut down by Mr. Noach, the architect, and that the bill was partly agreed upon at the above named sum, and so marked by the architect. This shows an indebtedness.
Now the defendant says, “I gave him (Gardner) my check for the amount.” Of course, the check was not payment unless the check was paid. The defendant says the check was on the Powers bank, and again he says he cannot tell exactly whether it was in that bank. He does not mention any other bank on which it might have been drawn. He does not produce the check, and he says he destroys his checks. He produces the bill of work, but it is not receipted. The bookkeeper of the Powers Bank testifies *445 that defendant kept an account at that bank; that no such check was charged to defendant’s account from November, 1883 to May, 1884; that, if paid, it would have been so charged in the ordinary course of business.
Gardner testifies that he does not remember whether the extra work was paid for, that, on looking at his books, he does not find the payment, that, if paid, it would have been entered in his books and a receipt given to the defendant.
The architect, Mr. Noack, says that the check was not given in his presence, and he does not know whether or not the bill was paid.
All the evidence of payment then, is the testimony of defendant above mentioned; and that states a payment in a certain manner, viz.: by defendant’s check. Merely delivering a check is not payment. Abb. Trial Evi., 244, 805 and. cases cited. And the proof necessary to show that the check was itself paid is wanting. We.think, therefore, that the referee erred in holding upon the proof that the extra, work had been paid.
The proceeding was brought to enforce a mechanics lien, which the claimant, Collins, alleged had arisen on anindebtness of the contractor, Gardner, to him. The defendant claimed in his answer that Gardner had abandoned the contract. Two days after the plaintiff filed his lien, Gardner, on the 7th of April, made a general assignment for the benefit of his creditors, to King. Shortly after that assignment, one, Cunningham, on behalf of plaintiff, made a proposition to defendant, that plaintiff should complete the contract under Gardner’s direction. The defendant declined to permit this.
The plaintiff now insists, that by virtue of his mechanics lien, and also by virtue of his rights as a preferred creditor interested in the assignment to King, he had a right to complete Gardner’s contract; and that the refusal to permit him so to do, gives him a right to recover as on a quantum meruit for anything owing to Gardner on this contract, which Gardner*!) ad himself abandoned.
We may assume for the purpose of this case, that King would have a right to complete Gardner’s contract, being his general assignee. Now the question is, whether any creditor (or, even whether any preferred creditor), if the assignee does not perform such a contract, has the right to perform the same for his own benefit; or rather, whether an offer by such a creditor to perform, makes the other party to the contract liable to him as on a quantum meruit.
There are cases where a cestui que trust may, on the neglect of the trustee, bring an action for his own benefit. But we think that the principle of those cases is not applicable here. The plaintiff, as creditor of Gardner under the as *446 signment, was a stranger to the defendant, nor was the defendant obliged to permit plaintiff to go on with the contract, the legal title to which was now to King, the assignee.
Another consideration urged by the plaintiff is that, by virtue of his mechanics lien, he had a right to complete the contract. It must be noticed that Gardner, by his failure and assignment, had practically given up the contract and, therefore the breach of the contract was on Gardner’s part, not on Colmey’s. If Colmey had prevented Gardner from performing, then it might be said that Colmey was liable on a quantum meruit. Now it is after Gardner has thus failed and assigned, that Cqllins sends to Colmey and proposes to finish the building under Gardner’s supervision. And he now claims, that having made this offer, and having previously filed his mechanics lien, Colmey is liable to him as Colmey would have been liable to Gardner for refusing to permit Gardner to bomplete Ms contract. This does not seem to us sound. Collins must claim under Gardner, and must be affected by Gardner’s default in respect to the contract. He acquires only a lien on the money owing or to become owing. He is not the assignee of the contract. If anyone has a right to go on with the contract, it must be King, the assignee. The statute does not give to each one of the many persons who may file a mechanics lien, the right to complete the contract as quasi assignee thereof.
We think there should be a new trial, referee discharged, costs to abide event.
Landon and Ingalls, JJ., concur.